UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

JERRY NGOME KOMANDO,

               Petitioner,

v.

                               No.  6:26-CV-00061-H

WARDEN, EDEN DETENTION
CENTER,

               Respondent.

## ORDER

Petitioner Jerry Ngome Komando is a native and citizen of Cameroon.  Proceeding pro se, he filed a 28 U.S.C. § 2241 habeas petition to challenge his prolonged immigration detention after U.S. Immigration and Customs Enforcement (ICE) re-detained him on November 14, 2025, to effectuate his 2023 removal order.  Dkt. No. 7.  He seeks immediate release.  He was detained in the Eden Detention Center when he filed the petition, but he has since been transferred to the Diamondback Correctional Facility in Oklahoma.

On March 10, Respondent filed a response and relevant records, arguing that the Court should deny the petition because Komando fails to demonstrate that his continued detention violates the Constitution or laws of the United States.  Dkt. Nos. 9, 10.  In particular, Respondent argues that Komando's petition is premature because, when he filed it, the presumptively reasonable six-month period of detention to effectuate his removal, as established by *Zadvydas v. Davis*, 533 U.S. 678 (2001), had not yet expired.  Even so, Respondent maintains that it is actively working to procure Komando's removal to a third county.  Dkt. No. 9 at 2.  Additionally, Respondent argues that Komando's due process

claims have no merit and that his request for injunctive relief and claim that DHS violated its agency regulations are not cognizable under habeas review.

Komando filed a reply dated March 26, insisting that his detention is unlawful. Dkt. No. 11. More recently, he filed another pleading dated June 1, contending that, during the pendency of this action, the presumptively reasonable six-month period set forth in *Zadvydas* expired. Dkt. No. 16.

The Court has reviewed the parties' pleadings, relevant records, and applicable law. For the reasons stated in Respondent's response, the Court concludes that Komando fails to demonstrate that his detention was unlawful when he filed his amended petition and, therefore, fails to demonstrate that he is entitled to habeas relief on the grounds raised in it.

The Court will not consider Komando's new allegations of fact in support of his claims in this case. Komando did not seek or obtain leave of Court to amend his petition, which is required, and, as previously instructed by the Court in its February 20 order, any response by Komando to Respondent's answer must be limited to the arguments raised by Respondent and shall not include any new allegations of fact. *See* Dkt. No. 4; *see also* N.D. Tex. Civ. R. 15.1. In any event, even if the issue were properly before the Court, Komando's pleading does not "provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *See Zadvydas*, 533 U.S. at 701.

Komando's petition is therefore denied without prejudice to his right to file another Section 2241 challenging his post-removal-order detention based on new facts. Should Komando choose to do so, he must file it in the district where he is detained. Komando's motion to transfer this action to another district is denied as moot. Dkt. No. 15.

So ordered.

The Court will enter judgment accordingly.

Dated June ___, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge